STATE OF WEST VIRGINIA

FILED

March 17, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**KENDELL J. WILSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0570** (BOR Appeal No. 2047763)
                (Claim No. 2011034502)

**FORTUNE BRANDS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kendell J. Wilson, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fortune Brands, by Amiee M. Stern and Denise D. Pentino, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a September 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 8, 2011, decision to reject the claim and it found the claim compensable for a thoracic and lumbar sprain. The Office of Judges affirmed the claims administrator's September 13, 2011, decision to deny the request for an MRI, a nerve conduction study, a referral to a neurosurgeon, and unspecified treatment procedures and medications. The Office of Judges also affirmed the claims administrator's January 17, 2012, decision to not authorize physical therapy and unspecified procedures and medications. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson, an employee of Fortune Brands, hurt his mid and lower back while attempting to lift a sliding glass door on April 4, 2011. Mr. Wilson reported to his physician

1

Michael Shramowiat, M.D., due to pain in his mid and lower back. Mr. Wilson also complained of pain radiating down into the left leg. The physical examination revealed moderate to severe pain in the thoracic paravertebral region and some pain into the rib cage. After physical assessment, Dr. Shramowiat's opinion was that Mr. Wilson suffered a thoracic strain, a lumbar strain, thoracic disc herniation with myelopathy, and lumbar disc herniation with myelopathy. An MRI of Mr. Wilson's thoracic and lumbar spine was requested. Mr. Wilson reported back to Dr. Sharmowiat in May and June of 2011 with continuing complaints of low and mid back pain and pain shooting into the left leg. Mr. Wilson applied for workers' compensation benefits based on his April 4, 2011, injury. The claims administrator denied Mr. Wilson's application on June 8, 2011. Mr. Wilson was seen by Dr. Shramowiat again with pain radiating down both extremities on August 15, 2011, which was the first time Mr. Wilson had ever complained about any right leg symptoms. An MRI study of Mr. Wilson's lumbar spine taken on September 3, 2011, revealed a new disc extrusion at the L3-4 level on the right resulting in moderate sac compression and effacement of the right L4 nerve root. Although Mr. Wilson has a long history of back problems dating back to 1999, there was no evidence of a notable disc finding at the L3-4 level until the MRI of September 3, 2011. On September 13, 2011, the claims administrator denied medical authorization for an MRI, a nerve conduction study, referral to a neurosurgeon, and unspecified treatment procedures and medications. Mr. Wilson underwent lumbar spine surgery on October 21, 2011, to treat the disc extrusion at the L3-4 level. The surgery was performed by Robert Crow, M.D. Mr. Wilson reported to Bill Hennessey, M.D., for an independent medical evaluation on November 25, 2011. Dr. Hennessey determined based upon medical evidence presented that no injury occurred on April 4, 2011. On January 17, 2012, the claims administrator denied Mr. Wilson's request for physical therapy and unspecified procedures and medications. The Office of Judges consolidated Mr. Wilson's protest of all three claims administrator's decisions.

The Office of Judges concluded that Mr. Wilson was injured in the course of and as a result from his employment. The Office of Judges noted that Mr. Wilson alleges he injured his back while attempting to lift a glass door, which was reported to his supervisor. The Office of Judges noted that no evidence has been introduced by Fortune Brands to refute Mr. Wilson's testimony. The Office of Judges relied partially on the report of Dr. Shramowiat because he was in the best position to diagnose Mr. Wilson's new back pathology. Dr. Shramowiat examined Mr. Wilson directly after the injury and diagnosed him with a thoracic and lumbar strain. Dr. Hennessey did not examine Mr. Wilson until seven months after the injury.

The Office of Judges determined that lumbar and thoracic disc herniation with myelopathy should not be added as compensable diagnosis under the claim. The Office of Judges determined that the objective medical evidence did not support the diagnosis of thoracic herniation with myelopathy because there was neither an MRI nor clinical evidence of a thoracic herniated disc in this claim. The Office of Judges concluded that the medical evidence of record simply did not support a finding that the lumbar disc extrusion was related to the April 4, 2011, injury. The Office of Judges noted that the disc extrusion seen on the September 3, 2011, MRI compressed the right L4 nerve root. The Office of Judges noted that any symptoms related to the nerve compression should have manifested in Mr. Wilson's right lower extremity, not his left. The Office of Judges then determined that since the medical evidence shows that Mr. Wilson did

not report any right lower extremity symptoms until August 15, 2011, over four months after the alleged injury, there was not a causal connection. The Office of Judges further found that Dr. Shramowiat's office notes supported its decision. Dr. Shramowiat did not note any right leg symptoms until August 15, 2011.

The Office of Judges determined that an MRI, a nerve conduction study, a referral to a neurosurgeon, unspecified procedures and medications, and physical therapy were not medically necessary or reasonable in relation to Mr. Wilson's thoracic and lumbar sprain. The Office of Judges noted that the requested treatments were due to Mr. Wilson's complaints of worsening lower back pain and right lower extremity pain. Since the Office of Judges found the L3-4 disc herniation should not be added as a compensable condition, the MRI and nerve conduction study were deemed unnecessary and denied. The Office of Judges also denied the request for physical therapy because it was made beyond the eight-week estimated duration of care for a strain. The Office of Judges further noted that the evidence demonstrates that the physical therapy request is related to a surgery performed by Dr. Crow on October 21, 2011. The Office of Judges concluded that since the underlying surgery was not related to the compensable conditions the physical therapy should also be denied. The Board of Review adopted the findings of the Office of Judges and affirmed its Order in all regards.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Mr. Wilson has established that he was injured in the course of and resulting from his employment with Fortune Brands. The Office of Judges determined that the claim should be held compensable for a lumbar and thoracic strain based upon the report of Dr. Shramowiat, who examined Mr. Wilson directly after the injury. The only other report that concludes otherwise is the report of Dr. Hennessey. Since Dr. Hennessey did not examine Mr. Wilson until almost seven months after the injury, Dr. Shramowiat was in a better position to diagnose any new pathology. It was not an error for the Office of Judges to give credence to his report. The Office of Judges determined that the thoracic disc herniation with myelopathy should not be added as a compensable condition because the medical evidence of record did not demonstrate that Mr. Wilson suffered from this condition. Dr. Shramowiat did diagnose Mr. Wilson with thoracic disc herniation with myelopathy. However, he did not have the benefit of the MRI taken on September 3, 2011, which did not reveal evidence of any thoracic herniation. Since the MRI evidence did not show thoracic disc herniation, the Office of Judges and Board of Review were correct in not adding it as a compensable condition. The Office of Judges determined that lumbar disc herniation with myelopathy was not a compensable condition because the symptomatology and the injury were too far separated in time to support a causal connection. The injury occurred on April 4, 2011, and the first complaint of right leg pain relating to the diagnosed lumbar disc herniation was not until August 15, 2011. The time lapse tends to show there was not a causal connection between the injury and the diagnosis. It was not in error for the Office of Judges and Board of Review to deny coverage for the condition. The requested MRI, nerve conduction study, referral to a neurosurgeon, and physical therapy were all related to Mr. Wilson's thoracic and lumbar myelopathy. Since neither lumbar nor thoracic disc herniation with myelopathy have been recognized as compensable conditions, the Office of Judges and Board of Review were correct in not authorizing treatment.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum